**UNITED STATES DISTRICT COURT**

**SOUTHERN DISTRICT OF GEORGIA**

**SAVANNAH DIVISION**

| | | |
|---|---|---|
| UNITED STATES OF AMERICA, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Case No. MJ413-034 |
| KELVIN ROBBINS, | ) ) ) | |
| Defendant. | ) | |

## REPORT AND RECOMMENDATION

Following defendant's arrest on a criminal complaint charging him with various misdemeanor offenses related to his alleged misconduct at this courthouse, the Court determined that there was reasonable cause to suspect defendant's competency to stand trial and ordered that he undergo a mental health evaluation in accordance with 18 U.S.C. § 4241(b) and 18 U.S.C. § 4242(a). After extensive testing and observation, psychologists at the Federal Bureau of Prisons Metropolitan Correctional Center in New York, New York determined that defendant is suffering from a mental disease and is currently not competent to stand trial. Doc. 14 (sealed report of defendant's competency evaluation).

At the competency hearing conducted on September 30, 2013, defendant's counsel stipulated to the admissibility of the forensic report and indicated that defendant did not challenge the findings or conclusions reached by the examining psychologists. Nor has the government controverted the findings of the report or indicated any opposition to its conclusion that defendant is presently not competent to stand trial.

As the report reflects, defendant admits to both auditory and visual hallucinations (he hears voices, sees angels, and talks to birds) and is experiencing "prominent persecutory and grandiose delusions that consume his thinking and make it difficult for him to focus on other topics." *Id.* at 29.[1] Given his "illogical and tangential" speech, his "disorganized" thinking, his hallucinations, and his inability "to differentiate his delusional thoughts from reality," the experts diagnosed him as suffering from Schizophrenia, Paranoid Type. *Id.* at 28-29, 30. Based on their clinical observations and psychological testing, the experts concluded that defendant "currently does not possess a rational and factual understanding of the proceedings against him, does not have the

---

[1] The Court is citing to the CM/ECF screen page imprinted at the top of document 14.

capacity to assist legal counsel in his defense, nor can he rationally make decisions regarding legal strategy." *Id*. at 32. They therefore concluded that he is not competent to stand trial.

Based on the unrebutted evidence in this case, I find by a preponderance of the evidence that defendant is not presently competent to stand trial. Where a criminal defendant is found to lack that capacity, the statute provides that "the court shall commit the defendant to the custody of the Attorney General . . . for treatment . . . to determine whether there is a substantial probability that in the foreseeable future he will attain the capacity to permit the proceedings to go forward . . . ." 18 U.S.C. § 4241(d). The commitment shall be for "a reasonable period of time, not to exceed four months," although "an additional reasonable period" of treatment may be authorized in some cases. *Id*.

Because this is a misdemeanor case, and because the evaluators have determined not only that defendant is presently incompetent but also that his mental illness "impair[ed] his ability to appreciate the wrongfulness of his conduct" at the time of the offense, both government and defense counsel have implored the Court to secure an evaluation of

3

defendant's dangerousness at the earliest opportunity. The statute authorizes such an assessment for a person "who has been committed to the custody of the Attorney General pursuant to section 4241(d)." 18 U.S.C. § 4246(a) (requiring the director of the facility where the defendant is hospitalized to assess whether he "is presently suffering from a mental disease or defect as a result of which his release would create a substantial risk of bodily injury to another person or serious damage to the property of another"). Whether or not defendant's competency can be restored, the dangerousness assessment may greatly influence the future course of these proceedings.

IT IS THEREFORE RECOMMENDED[2] that defendant be found not competent to stand trial, that he be committed to the Attorney General for treatment for a period not to exceed four months to determine whether his competency can be restored, and that the evaluators be

---

[2] Defendant faces one misdemeanor charge (threatening to assault a federal officer), and several petty offense charges. He cannot be tried before a magistrate judge on the misdemeanor charge unless he consents and affirmatively waives his right to "trial, judgment, and sentencing by a district judge." 18 U.S.C. § 3401(b). He has yet to do so. Accordingly, the competency determination must be made by a district judge, who alone has jurisdiction to try the case.

required to make both the competency and dangerous determinations with all deliberate speed.

**SO REPORTED AND RECOMMENDED** this  1st  day of October, 2013.

*/s/ G.R. Smith*
UNITED STATES MAGISTRATE JUDGE
SOUTHERN DISTRICT OF GEORGIA